**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:25-cr-31 (02) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| RYAN WADE JOHNSTON, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

## JURY TRIAL WAIVER AND MOTION FOR BENCH TRIAL

Defendant Ryan Wade Johnston, by and through counsel, waives his right to a jury trial pursuant to Federal Rule of Criminal Procedure 23(a). Mr. Johnston hereby moves for the Government, this Court's, and his co-defendant's consent to proceed to a bench trial. Mr. Johnston's request for a bench trial is based on several considerations.

A bench trial will be more expedient and will consume significantly less resources than a jury trial. Defense counsel believes that most of the evidence against Mr. Johnston can be admitted by stipulations. This would significantly reduce the number of witnesses necessary and will truncate the process of admitting evidence into the record.  Pending additional communication with the Government, Mr. Johnston does not anticipate having challenges to the authenticity, admissibility, or relevance of the majority, if not all, of the Government's evidence necessary to meet the elements of the charged offenses. Rather, the issues to be determined are whether the Government's evidence is legally sufficient to support the charged offenses.

1

Defense counsel will file a motion to suppress in the next seven days challenging a single search warrant that was used to obtain the contents of Mr. Johnston's cell phone. The resolution of the motion does not change Mr. Johnston's desire for a bench trial.

Mr. Johnston's defenses are predominantly legal in nature. Irrespective of whether this case proceeds to a bench or jury trial, Mr. Johnston will file a trial brief setting forth his position in more detail with supporting case law. For now, Mr. Johnston believes a brief overview is sufficient.

Mr. Johnston intends to raise several legal issues with respect to Count 13 charging him with coercion and enticement in violation of 18 U.S.C. § 2422(b). The trier of fact will be asked to determine whether Mr. Johnston's took an action or attempted to take an action that constitutes persuading, inducing, enticing, or coercing such that he can be found guilty of violating 18 U.S.C. § 2422(b). Based on conversations with the Government, the evidence supporting the Government's claim that he did so is Mr. Johnston's electronic messages with Alex Buenaga along with the fact that Mr. Johnston drove to Mr. Buenaga's home. Mr. Johnston does not dispute the contents of his messages with Mr. Buenaga. He does not dispute that he drove to Mr. Buenaga's home. Rather, the dispute is whether the contents of those messages establish that Mr. Johnson took an action or attempted to take an action that constitutes persuading, inducing, enticing, or coercing within the meaning of the statute.

Then, if this Court does find that Mr. Johnston did take an action, this Court will need to determine whether the actions need to be aimed at the alleged victim but done through an intermediary or if it is sufficient that the actions solely be aimed at the intermediary (Alex Buenaga, Johnston's co-defendant). Mr. Johnston did not have any contact with the minor at issue. Thus, the role of the intermediary is central to deciding guilt. There appears to be a circuit split with respect

2

to the question of who the persuading, inducing, enticing, or coercing must be aimed at (the minor or the intermediary) and the Fourth Circuit has yet to take a side

Alternatively, this Court will also be asked to determine whether or not, as a matter of law, 18 U.S.C. § 2422(b) can be applied to a case like this one where the alleged victim is too young to be persuaded, induced, enticed, or coerced.

Furthermore, Mr. Johnston believes it is unnecessary to subject members of the public to the images involved in this case. The images are difficult to view and may cause significant mental distress for the selected jurors.

For the reasons set forth herein, Mr. Johnston respectfully moves the Government and this Court for a bench trial.

Respectfully submitted,

*/s/ Stephanie F. Kessler*
STEPHANIE F. KESSLER (0092338)
Kessler Defense LLC
500 East Main St, 1600
Norfolk, VA 23510
(513) 316-5807
stephanie@kesslerdefense.com

*Attorney for Ryan Johnston*