IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:25-cr-31 (02) |
| Plaintiff, | : | |
| v. | : | |
| RYAN WADE JOHNSTON, | : | |
| Defendant. | : | |

**UNOPPOSED MOTION FOR LEAVE TO FILE MOTION TO SUPPRESS OUT OF TIME**

Pursuant to Local Criminal Rule 12, pretrial motions are to be filed 14 calendar days from the date of arraignment. Ryan Johnston asks this Court to extend the deadline for pretrial motions pursuant to Federal Rule of Criminal Procedure 12(c)(2). If this Court grants this motion for leave to file, the motion to suppress can be filed within 24 hours from the granting of this motion.

There is good cause for permitting Mr. Johnston to file his motion to suppress out of the time constraints set forth in Local Criminal Rule 12. First, this case has been declared complex. (Order, Doc. 33). As noted in the order, the Government may seek a life sentence, or close to it, for Mr. Johnston. The nature of the case and potential punishment dictates more time be spent with Mr. Johnston to ensure he has the information and understanding he needs to decide whether to proceed to a trial or to resolve his case by plea.

Second, Mr. Johnston has been in active plea negotiations with the Government which would have negated the need to file a motion to suppress. As was touched upon in Mr. Johnston's

1

motion for a bench trial, the main point of contention between the parties is whether the facts in relation to Mr. Johnston legally constitute the most serious crime he is charged with, enticement and coercion in violation of 18 U.S.C. § 2422(b). Plea negotiations in this matter involved substantially more research that is typical and involved lengthy written correspondence setting forth the research conducted by the parties. Plea negotiations ceased on July 7, 2025, when the parties could not reach an agreement regarding the application of the law to the facts and Mr. Johnston rejected the Government's plea offer.

Third, plea negotiations, the motion to suppress, and the trial in this matter involve novel questions of fact and law. Additional time was needed to fully research these issues so that they could be adequately set forth in the pleadings. For example, this Court will be asked, both in the motion to suppress and in trial, whether the elements of 18 U.S.C. § 2422(b) can be satisfied when the minor involved is 6-8 months old. To date, neither defense counsel nor the Government has found a case that applies 18 U.S.C. § 2422(b) to a minor younger than three years old. Additionally, while the law is clear that 18 U.S.C. § 2422(b) can be violated when the defendant communicates with an intermediary only (and has no communication with the minor), there is a circuit split regarding what the nature of the communication with the intermediary must be. To date, the Fourth Circuit has not decided the issue. Lastly, separate from the legal issues, there is a factual dispute as to whether Mr. Johnston's communications with the intermediary in this case (Mr. Buenaga, his co-defendant) satisfy the elements of 18 U.S.C. § 2422(b). All of these novel questions of law and fact are at issue in Mr. Johnston's motion to suppress.

For the reasons set forth herein, Mr. Johnston respectfully requests this Court find that good cause is shown to allow Mr. Johnston to file his motion to suppress out of time. The Government is not opposed to this motion.

Respectfully submitted,

*/s/ Stephanie F. Kessler*
STEPHANIE F. KESSLER (0092338)
Kessler Defense LLC
500 East Main St, 1600
Norfolk, VA 23510
(513) 316-5807
stephanie@kesslerdefense.com

*Attorney for Ryan Johnston*