IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:25-cr-31 (02) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| RYAN WADE JOHNSTON, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS**

**A. Probable cause as it relates to child pornography related crimes**

Confining the consideration of sufficient probable cause to the four corners of the affidavit as is required, the question becomes whether the information about Buenaga sharing child pornography "freely over the internet with complete strangers," the fact Buenaga was in contact with Johnston, the two shared non-child pornography related pictures, and, from the Government's perspective, had a discussion about sexually molesting a child is sufficient to establish a probability that Johnson committed a child pornography related offense. Answering this question with a "yes" is a bridge too far. Permitting searches of all phones belonging to anyone who was in contact with Buenaga and shared innocent pictures of their children with him would be unreasonable and violative of the Fourth Amendment. Then, the argument, as it must, becomes that Johnston is not just someone who shared innocent photos of children. He is different because he made comments seemingly about sexual activity in relation to children. But, to the extent there is information in

1

the four corners that suggests concern that Johnson intended to or has committed a molestation type offense, such information does not suffice as sufficient probable cause to search a person's phone for child pornography related offenses. *See United States v. Doyle*, 650 F.3d 460 (4th Cir. 2011); *United States v. Church*, No. 3:16CR92, 2016 WL 6123235 (E.D. Va. Oct. 18, 2016).

In terms of good-faith, where this Court can consider information outside the four-corners of the affidavit, the Government claims that Johnston admitted to receiving child pornography from Buenaga. The Government does not describe when in the interview Johnston's made this admission nor does the Government offer a description of the images it purports constitutes child pornography. From defense counsel's review of the recording, the two images Johnston admits to receiving from Buenaga do not constitute child pornography. Around the 49th minute of the interview, Johnston describes the images. In one of them, MC1 is clothed and at a table eating. Buenaga is scene "walking by" with his "cock out" which was "soft" in the photo. In a separate photo, the baby was naked but Buenaga was not. Buenaga was feeding the baby and had a meth pipe.  As defined in 18 U.S.C. § 2256,

> (8) "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--
> (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;
> (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or
> (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

18 U.S.C.A. § 2256.

> (B) For purposes of subsection 8(B) of this section, "sexually explicit conduct" means--

> (i) graphic sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex, or lascivious simulated sexual intercourse where the genitals, breast, or pubic area of any person is exhibited;
> (ii) graphic or lascivious simulated;
> (I) bestiality;
> (II) masturbation; or
> (III) sadistic or masochistic abuse; or
> (iii) graphic or simulated lascivious exhibition of the anus, genitals, or pubic area of any person;

*Id.* Neither of the images described by Johnston fit this definition.

### B. Probable cause as it relates to enticement and coercion charge

As the Government noted, Johnston "begrudgingly" agreed to travel to Buenaga. In contrast, the Government also claims that Johnstons comments about kissing MC1 and the following comment establish that Johnson was "trying to convince BUENAGA to permit him to engage in this activity." The messages exchange show the opposite, that it was Buenaga who was trying to do the convincing. In fact, Buenaga "was actively soliciting men over various internet applications to come to his residence and molest MC1." (Doc. 47, PageID# 133).

The Government's argument that the enticement and coercion statute should apply to children who lack capacity to assent is contradicted by the language of the statute and the relevant case law. If Congress wanted to write a statute that criminalizes the use of a facility of interstate commerce to get access to a minor for purposes of engaging in sexual activity, they would have done so. They did not do so. Instead, they wrote a statute criminalizing using facilities of interstate commerce to obtain a minor's assent to sexual activity.

> Although the terms "persuade," "induce," and "entice" are not statutorily defined, we have found that they are words of common usage" and have accord[ed] them their ordinary meaning. Moreover, these terms are effectively synonymous, conveying the idea of one person leading or moving another by persuasion or influence, as to some action [or] state of mind. Our interpretation of these terms

3

> accords with the statute's intent to criminalize[ ] an intentional attempt to achieve a mental state—a minor's assent.

*United States v. Clarke*, 842 F.3d 288, 296 (4th Cir. 2016) (cleaned up). As drafted and as intended, the statute does not apply to circumstances when the minor is unable to assent. As was the case in *Nitschke*, taking the evidence in light most favorable to the Government (without conceding the issue)[1] none of the chats here "demonstrate[] anything more than an accept to participate in [Buenaga's] pre-existing plan to have sex with the […] minor." *United States v. Nitschke*, 843 F. Supp. 2d 4, 11 (D.D.C. 2011).

For the reasons stated herein and in Johnston's Motion to Suppress, the warrant lacked probable cause both in relation to the child pornography related crimes and to the enticement and coercion charge. Because the good-faith exception does not apply, all evidence obtained, directly from and derivative of a search warrant executed on the Samsung Phone in Black and Clear Case must be suppressed.

Respectfully submitted,

*/s/ Stephanie F. Kessler*
STEPHANIE F. KESSLER (0092338)
Kessler Defense LLC
500 East Main St, 1600
Norfolk, VA 23510
(513) 316-5807
stephanie@kesslerdefense.com
*Attorney for Ryan Johnston*

---

[1] As an aside, irrelevant to resolving the motion to suppress, Johnston *does not* concede, as the Government suggests, that the intent from Johnston's perspective was for MC1 to engage in sexual activity. Rather, this type of argument was omitted from the motion to suppress because it is irrelevant in that context. A defendant's intent and state of mind is not relevant to whether there is sufficient probable cause for a search warrant or whether the good-faith exception to exclusion applies.